Valma B. LaVoy
vs.
Providence, Hartford, Norwich Lines, Inc. } No. 2820.

Ellis LaVoy
vs.
Same } No. 2821.

Robert M. Cox, p. a.
vs.
Same } No. 2822.

December 20, 1934.

CARPENTER, J. The above cases were tried together before a jury and the jury returned a verdict for the defendant in each case. The cases are now before the Court upon plaintiffs' motions for a new trial.

In May 1933, Velma B. LaVoy, accompanied by Robert M. Cox, a son by a prior marriage, were passengers on a bus operated by the defendant, which bus was in collision with an automobile bearing a New York registration plate, as a result of which collision Mrs. LaVoy and her son were injured. The accident happened in the State of Connecticut and, therefore, was tried under the State statute requiring the highest degree of care on the part of drivers of motor vehicles carrying passengers for hire.

It appeared from the evidence that the bus, a seven passenger Packard, had followed the New York car for a short distance and that the New York car swung to its left at an obtuse angle, heading for a gasoline station on the left hand side of the road, and that, as the New York car started to swing to the left, the bus, in attempting to pass it, collided with it. Mrs. LaVoy testified that there was no signal given by the operator of the bus. The operator of the bus testified that the New York car, without warning, swung to its left, and that he applied his brakes and pulled to the right but could not avoid a collision, his left front wheel striking the rim of a spare tire carried on the rear of the New York car.

The greater weight of the evidence tended to show that the proximate cause of the collision was that the driver of the New York car swerved to his left in the path of the defendant's bus without any warning, and upon this evidence the jury found that the driver of the defendant's bus was not guilty and returned a verdict for the defendant in all three cases.

Motion for a new trial in each case denied.

Richard Duffy
vs.
United Electric Railways Co. } No. 88221.

December 28, 1934.

CAPOTOSTO, J. Collision between a truck and a street car at the Six Corners in East Providence at about 4 A. M. of July 18, 1931. The jury found for the plaintiff in the sum of $250. The defendant moves for a new trial.

The plaintiff, proceeding west along Taunton Avenue with a large produce truck headed for Providence, had to pass over the single tracks of the defendant which cross the open area of the Six Corners from South to North Broadway. A street car headed north, taking help to their destination, stopped at the southwest corner to

throw a switch in order that it might proceed across the square. In other words, the two vehicles were practically at right angles to each other, the street car being to the truck's left and both headed towards a point where, if each proceeded without consideration for the other, a collision could reasonably be apprehended. It is some 88 feet from the corner of Taunton Avenue to the point of collision, and about 84 feet from this place to the switch. Both vehicles had their lights on and no other traffic was on the highways.

The plaintiff testified that when he was some 12 or 15 feet back from the corner of Taunton Avenue as it enters the square, he noticed the electric car stopped at the switch; that he kept on going and paid no more attention to the car until he was 12 to 15 feet from the nearest rail, when he saw the car for the second time and appreciated that an accident was unavoidable. The speed of the truck was given as about 15 miles per hour. The plaintiff said that at the speed he was going, he could stop in about 12 feet.

The defendant's motorman testified that he did not see the truck until he saw it crossing the tracks in front of him. The testimony is quite clear that he was proceeding at a very moderate rate of speed.

Even if we grant that the operator of the car was negligent, this Court believes that the plaintiff is not entitled to recover. The driver of the truck had no right to assume that a street car, which is stopped when he is some 90 to 100 feet away from the nearest rail of a street railway track which he intends to cross, will remain stationary or assure him safe crossing. With this condition in mind, especially as there were no other traffic complications, it was his duty for his own protection to look along the tracks of the street railway as he approached closer to the rails and before he passed from a position of safety to one of actual or potential danger. When a plaintiff's negligence is as late or later than that of the defendant, then his negligence is the real proximate cause of the accident.

The Court can not sustain the jury's verdict.

Motion for new trial granted.

For plaintiff: Hinckley, Allen, Tillinghast & Wheeler.

For defendant: Clifford, Whipple, Frank McGee.